IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD LOYA<br>*Plaintiff*<br><br>        v.<br><br>WEXFORD HEALTH SOURCES, INC.<br>*Defendant.* | Civil Action No. ELH-20-1946 |

**MEMORANDUM**

This case concerns the provision of medical care to plaintiff Richard Loya while he was incarcerated in the Maryland Correctional Institution-J ("MCIJ") in Jessup, Maryland. As discussed, *infra*, this case is related to a suit filed in June 2019, docketed as GJH-19-1646 ("*Loya I*"). It is also related to a suit filed on April 16, 2020, ELH-20-1171 ("*Loya II*").

On April 16, 2020, Mr. Loya, through counsel, filed suit in the Circuit Court for Anne Arundel County against Wexford Health Sources, Inc. ("Wexford"), alleging "Medical Negligence" (Count I) and "Maryland Declaration of Rights/Deliberate Indifference to serious medical needs" (Count II). The case, *Loya II*, was docketed as ELH-20-1171. *Id.*, ECF 1-3. Wexford removed the case to this Court on May 8, 2020, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *Id.*, ECF 1 ("Notice of Removal"). On the same date, Wexford moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*, ECF 2. Plaintiff opposed the motion. *Id.*, ECF 12. And, Wexford replied. *Id.*, ECF 13.

Thereafter, on June 30, 2020, plaintiff raised identical claims in a suit initiated in this Court. ELH-20-1946 ("*Loya III*"), ECF 1 (the "Complaint").[1] After briefing concluded in *Loya II*, the

---

[1] Jurisdiction is predicated on 28 U.S.C. § 1332. ECF 1, ¶ 2. Plaintiff posits that the amount in controversy exceeds $75,000, but he does not identify the domicile of the parties. However, Wexford does not assert a lack of diversity of citizenship.

parties jointly moved to consolidate *Loya II* and *Loya III*. *See Loya II*, ECF 16; *Loya III*, ECF 6. By Order of July 24, 2020, the Court consolidated the cases, designated *Loya III* as the lead case, and administratively closed *Loya II*. *See Loya II*, ECF 17; *Loya III*, ECF 8.

Thereafter, Wexford filed a "Partial Motion to Dismiss," pursuant to Fed. R. Civ. P. 12(b)(6) and the doctrine of res judicata. *Loya III*, ECF 9. In particular, Wexford seeks to dismiss Count II. The motion is supported by a memorandum of law. *Id.*, ECF 9-1 (collectively, the "Motion"). In addition, Wexford has submitted several exhibits, which consist of pleadings and rulings from case *Loya I*. ECF 9-2 to ECF 9-4. Plaintiff opposes the Motion. *Id.*, ECF 15. Defendant has not replied, *see* docket, and the time to do so has expired.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I. Background[2]

### A. Factual Background

Mr. Loya is incarcerated at MCIJ, a correctional facility operated by the Maryland Department of Public Safety and Correctional Services ("DPSCS"). *Loya III*, ECF 1, ¶ 10. Wexford, a Florida corporation headquartered in Pittsburgh, Pennsylvania, provides medical services to inmates at DPSCS facilities, including MCIJ, pursuant to a contract. *Id.* ¶ 11.

On June 19, 2016, plaintiff was suffering from abdominal pain. *Id.* ¶ 12. He was evaluated by Registered Nurse Michael Smith, an employee of Wexford. *Id.* Mr. Loya complained of abdominal pain that he considered to be a ten on a scale of one to ten. *Id.* Plaintiff claims that no

---

[2] Given the posture of the case, I must assume the truth of all factual allegations in the Complaint. *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019). However, the Court can "take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

treatment was rendered during this visit. *Id.* He alleges that RN Smith should have ordered "blood work, urinalysis and possible CT scan of the abdomen." *Id.*

Less than four hours later, Mr. Loya returned to the infirmary and was seen by Physician's Assistant Jewaher Abubaker, another employee of Wexford. *Id.* ¶ 13. Mr. Loya indicated that his abdominal pain had begun at least a week earlier, he had not had a bowel movement in several days, and he "had associated vomiting with constipation." *Id.* Dr. Barnes, another employee of Wexford, was consulted on plaintiff's case during this visit. *Id.*[3] Dr. Barnes suggested observing plaintiff in the dispensary, obtaining basic STAT labs, and providing plaintiff with intravenous fluids, magnesium citrate, and an enema to help with the constipation. *Id.* Plaintiff continued to suffer from severe abdominal pain, constipation, and vomiting. *Id.* He contends that a "minimum of blood work and imaging studies" should have been done "as the standard of care to rule out any acute abdominal pathology," and asserts that the failure to do so constituted a breach of the standard of care. *Id.*

Two days later, on June 21, 2016, Mr. Loya returned to the infirmary and was seen by Registered Nurse Practitioner Brenda Taft-Hall for right lower quadrant pain and constipation. *Id.* ¶ 14. Mr. Loya "continued to complain of lower abdominal pain and anorexia." *Id.* After the exam, plaintiff was sent to Bon Secours Hospital in Baltimore for further evaluation and treatment. *Id.* At the hospital, Mr. Loya was diagnosed with "a ruptured appendix, free air in the abdomen, and suspected abdominal abscess." *Id.* ¶ 15. Immediately thereafter, Mr. Loya "was rushed" to the Operating Room for "an emergent exploratory laparotomy." *Id.* Mr. Loya subsequently developed residual post-operation abdominal abscesses and continued to complain of abdominal pain. *Id.* ¶ 16. He returned to MCIJ on July 13, 2016. *Id.*

---

[3] The Complaint does not provide the first name of Dr. Barnes.

## B. Procedural History

As mentioned, this case is related to *Loya I*, filed in federal court by plaintiff in June 2019, and docketed as GJH-19-1646. In *Loya I*, plaintiff filed suit against Wexford, Michael Smith, R.N., Jewaher Abubaker, P.A., and Brenda Taft-Hall, RNP. Plaintiff asserted a claim of medical negligence in Count I and in Count II he asserted a claim of deliberate indifference to a serious medical condition, in violation of the Eighth Amendment and the Maryland Declaration of Rights. *Id.* Defendants moved to dismiss Count II, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. *See Loya I*, ECF 8. By Memorandum Opinion and Order of March 9, 2020, Judge Hazel granted the motion to dismiss. *See Loya I*, ECF 12; ECF 13.

With respect to plaintiff's Eighth Amendment claim, Judge Hazel ruled that "any failure to properly diagnose or treat Plaintiff" by any of the individual defendants "can amount only to a medical negligence claim of the type alleged in Count I of the Complaint, not a constitutional violation as alleged in Count II." *Id.*, ECF 12 at 6-7. Further, he explained that the allegations against Wexford failed because "the doctrine of *respondeat superior* does not apply to § 1983 claims," and thus Wexford "cannot be vicariously liable for the allegedly unconstitutional conduct of its employees." *Id.* at 6.

Further, Judge Hazel concluded that plaintiff's deliberate indifference claim under Maryland's Declaration of Rights failed "because defendants are not government entities, but rather private actors who are contracted to treat individuals incarcerated in DPSCS correctional facilities." *Id*. at 8-9. And, because "Maryland law only protects individuals from violations by government officials," Judge Hazel said: "Plaintiff has no claim against them under Maryland law." *Id.*

Judge Hazel dismissed plaintiff's State-law medical negligence claim (Count I), without prejudice, for lack of subject matter jurisdiction. *Id.* at 9-10. He found that there were "insufficient allegations in the Complaint from which the Court can determine that there is complete diversity." *Id.* at 10.

As noted, plaintiff subsequently filed suit against Wexford in the Circuit Court for Anne Arundel County on April 16, 2020. ELH-20-1171 ("*Loya II*"), ECF 1-3. And, Wexford timely removed the case to this Court. *Loya II*, ECF 1. Thereafter, Wexford moved to dismiss. *Id.*, ECF 2. Then, on June 30, 2020, plaintiff filed suit in this Court against Wexford. *Loya III*, ECF 1. And, on July 22, 2020, the parties filed a joint motion to consolidate the two cases. *Id.*, ECF 6. On July 24, 2020, I granted the motion and consolidated *Loya II* and *Loya III* under ELH-20-1946. *Id.*, ECF 8.

Thereafter, Wexford moved to dismiss Count II. *Id.*, ECF 9. Wexford asserts failure to state a claim as well as res judicata. *Id.* Plaintiff opposes the Motion. *Id.*, ECF 15.

## II. Standard of Review

### A. Rule 12(b)(6)

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading

requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote

and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440 (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Ordinarily, courts do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at

464 (quoting *Forst,* 4 F.3d at 250) (emphasis added in *Goodman*).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015).

Of relevance here, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Moreover, in the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL

5008763, at *1 n. 3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x. 200 (4th Cir. 2016); *see also Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records"). But, "these facts [must be] construed in the light most favorable" to the nonmovant. *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed v. Town of Gilbert, Ariz.*, 576 U.S. __, 135 S. Ct. 2218 (2015), *as recognized in Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015). Accordingly, I may take judicial notice of the filings in *Loya I*.

### III.  Discussion

Wexford moves to dismiss Count II of the Complaint, which alleges deliberate indifference to a serious medical need, in violation of the Maryland Declaration of Rights. Wexford advances two grounds. ECF 9. First, Wexford contends that Mr. Loya's deliberate indifference claim is barred by res judicata. *Id.* at 1; ECF 9-1 at 3-4. Further, even if not barred by res judicata, Wexford maintains that Count II fails to state a viable claim because Wexford is a private entity that cannot be sued under the Maryland Declaration of Rights. ECF 9 at 1.

Plaintiff opposes the application of res judicata. ECF 15. He adopted his earlier opposition, filed in *Loya II*. ECF 15, ¶ 9; *see* ECF 15-2 (Opposition in *Loya II*). According to plaintiff, Judge Hazel's decision granting defendants' motion to dismiss in *Loya I* does not constitute a final judgment on the merits, but rather only constituted a "ruling as a matter of law." ECF 15-2 at 6. Plaintiff emphasizes that the failure to diagnose his medical condition constitutes deliberate indifference. ECF 15-1.

### A.  Res Judicata

As noted, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at

243 (quoting *Martin,* 980 F.2d at 952). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman*, 494 F.3d at 464; *accord Pressley,* 553 F.3d at 336.

According to Wexford, this is such a case. Wexford claims that plaintiff's suit is foreclosed by the doctrine of res judicata because Wexford was a party in the case before Judge Hazel; both lawsuits rest on the same set of factual allegations; and the earlier suit resulted in a final judgment on the merits. Moreover, the matters at issue in *Loya I* are subject to judicial notice, as discussed earlier. *See also* ECF 9-1 at 3. Plaintiff counters that Judge Hazel's ruling does not satisfy the required finality component for the application of res judicata.

Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see SAS Inst., Inc. v. World Programming Ltd.*, 847 F.3d 370, 378 (4th Cir. 2017); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). At bottom, res judicata is a "'practical' doctrine" that asks "whether the party has previously had a fair shot with respect to the claims raised in the present action." *SAS Inst.*, 847 F.3d at 378 (citation omitted). The doctrine has manifest benefits; it protects litigants from vexatious litigation, conserves judicial resources, promotes efficiency, and minimizes the risk of inconsistent judgments. *See Montana*, 440 U.S. at 153-54; *SAS Inst.*, 847 F.3d 3at 378; *Laurel Sand & Gravel*, 519 F.3d at 161-62.

The applicable law for purposes of res judicata is the law of the tribunal in which the prior judgment was entered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Laurel Sand & Gravel*, 519 F.3d at 162. Because the judgment in *Loya I* was entered in federal

court, I apply federal law regarding res judicata. The party who asserts res judicata has the burden of establishing its application. *Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019).

Under federal law, a judgment rendered in a prior case will be given res judicata effect in a subsequent lawsuit when three conditions are met: (1) the subsequent suit presents the "'same cause of action'" as the prior suit; (2) judgment was rendered "'on the merits'" in the prior suit; and (3) the subsequent suit involves "'the same parties or their privies'" as were involved in the prior lawsuit. *Ohio Valley Envt'l Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)); *see Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003).

Applied here, res judicata bars plaintiff from relitigating his deliberate indifference claim against Wexford. It is abundantly clear that the first two conditions have been met. In fact, plaintiff does not argue otherwise.

As to the first element, a cause of action is "identical" for purposes of res judicata if it "'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment'" and "'the claims could have been brought in the earlier action.'" *SAS Inst.*, 874 F.3d at 378-79 (quoting *Laurel Sand & Gravel*, 519 F.3d at 162). The claim lodged in the Complaint in *Loya III* is identical to the claim raised in *Loya I*. In *Loya I*, plaintiff sought to recover from Wexford under the Maryland Declaration of Rights for its employees' alleged failure to diagnose and treat plaintiff's appendicitis. *See Loya I*, ECF 1 at 8-9. Mr. Loya advances the identical allegation in this suit. *See Loya III*, ECF 1 at 8-10. The second element is likewise satisfied. Plaintiff and Wexford were both parties to the suit in *Loya I*. *See Loya I*, ECF 1; *Loya III*, ECF 1.

In addition, the *Loya I* suit resulted in a final judgment, so as to satisfy the third condition for the application of res judicata. Judge Hazel dismissed plaintiff's deliberate indifference claim,

11

premised on the Maryland Declaration of Rights. He determined that "no private cause of action exists against" the defendants, including Wexford, "for any conduct that Plaintiff contends is violative of the Maryland Declaration of Rights." *Loya I,* ECF 12 at 9.

In plaintiff's view, Judge Hazel's ruling does not constitute a final judgment on the merits, but rather a dismissal based on the "claim as a legal matter." *Loya III*, ECF 15-2 at 6. However, under Rule 41(b) of the Federal Rules of Civil Procedure, unless ordered otherwise, an involuntary dismissal based on any ground other than "lack of jurisdiction, improper venue, or failure to join a [necessary or indispensable] party under Rule 19" ordinarily "operates as an adjudication on the merits." And, "unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009); *see also Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (stating that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata). In contrast, if the court specifies that a dismissal is without prejudice, there is no claim preclusion. "Dismissals without prejudice do not bar subsequent suits by *res judicata*." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993).

Here, Judge Hazel's order in *Loya I* was clear as to its prejudicial effect. It stated: "Plaintiff's deliberate indifference claim is dismissed for failure to state a claim and Plaintiff's [State-law] medical negligence claim is dismissed without prejudice for lack of subject-matter jurisdiction." *Loya I*, ECF 13. Given that the medical negligence claim was dismissed without prejudice, it follows that Judge Hazel intended to dismiss the deliberate indifference claim with prejudice. *Id.* Moreover, Mr. Loya did not seek to amend the suit, nor did he appeal Judge Hazel's judgment. *See Loya I*, Docket. And, res judicata extends to claims that could have been asserted

and litigated in the original suit. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013). Accordingly, I conclude that *Loya I* was a decision "on the merits" for res judicata purposes.

"[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." *Dep't of Human Res. v. Thompson*, 652 A.2d 1183, 1192, 652 A.2d 1183, 1192 (1995) (quoting *Astoria Fed. Savs. & Loan v. Solimino*, 501 U.S. 104, 107 (1991)). Allowing plaintiff's claims to proceed would sanction piecemeal litigation, which is precisely what res judicata prohibits. Therefore, because all three requirements of the res judicata test are satisfied, I shall dismiss Count II of the Complaint.

## IV.    Conclusion

For the foregoing reasons, I shall grant the Motion. ECF 9.

An Order follows, consistent with this Memorandum.

Date: October 2, 2020                              /s/
                                                  Ellen L. Hollander
                                                  United States District Judge